UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL RICHARD LEVITAN,

     Plaintiff,

v.

MACLEAN, JOHNSON, HILL,
MAGNUSON, SILVERLIGHT, VAN,
TROLLA, FREEMAN, PARR,
HILDRETH, WILLIS CHAPMAN,
AKOMOLAFE, and JOHN DOES,

     Defendants.

Case No.  2:23-cv-12439
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION
## TO GRANT MDOC DEFENDANTS' MOTION TO DISMISS OR
## ALTERNATIVELY FOR SUMMARY JUDGMENT ON EXHAUSTION
## (ECF No. 20)
## AND
## TO GRANT DEFENDANT HILL'S MOTION TO DISMISS (ECF No. 24)[1]

### I.     Introduction

This is a prisoner civil rights case.  Plaintiff Randall Levitan (Levitan),

proceeding *pro se*, is suing the above-captioned defendants[2]  for deliberate

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

[2] Defendants' names will be spelled as they appear in the motions before the Court.

1

indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 1).  This case was initially brought in the Western District of Michigan, but was transferred to the Eastern District of Michigan because the defendants are considered to reside here.  (ECF No. 3).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).

Before the Court are two dispositive motions: Michigan Department of Corrections (MDOC) defendants Dashawn Vann (Vann), Travis Trolla (Trolla), Zachery Parr (Parr), Jonathan Hildreth (Hildreth), Willis Chapman (Chapman), and Temitope Akomolafe's (Akomolafe) motion to dismiss or, alternatively, for summary judgment on the basis of exhaustion, (ECF No. 20), and Lydia Hill's (Hill) motion to dismiss, (ECF No. 24).

For the reasons that follow, the undersigned RECOMMENDS GRANTING MDOC defendants' motion on the basis of exhaustion and GRANTING Hill's motion to dismiss for failure to state a claim.  If adopted, MDOC defendants would be dismissed without prejudice, and Hill would be dismissed with prejudice.  The remaining defendants would be Lisa Johnson (Johnson), Danielle Magnuson (Magnuson), Sebastian Freeman (Freeman), Joni Maclean (Maclean), Ryan Silverthorn (Silverthorn)[3] and the unidentified Doe defendants.

---

[3] On May 29, 2024, Maclean and Silverthorn filed a notice that they have not been properly served, but became aware of the case a day prior, and that their notice shall serve as a constructive waiver of service despite never actually being served.

2

II.     Background

A.     Allegations

Levitan filed this lawsuit on September 18, 2023, and it was transferred to

this District on September 27, 2023.  (ECF Nos. 1, 3).  In the complaint, Levitan

alleges that on or around July 5, 2023, he developed a bad rash, later believed to be

shingles, on his left thigh and knee, and that nurses Hill and Johnson treated him

with a topical cream but provided no further treatment.  (ECF No. 1, PageID.3).

He says he was not called out for his medical appointment or scheduled for any

other appointments in the following days, despite his unbearable pain and wounds.

(*Id.*).  Officers Trolla and Parr refused to contact healthcare to get Levitan seen for

a medical appointment, and he missed another appointment he had with nurse

Magnuson.  (*Id.*, PageID.3, 7).  He was finally seen by nurse Maclean on July 12,

2023, but she refused to treat him or take pictures of the infected area like he

asked.  (*Id.*, PageID.7).

Levitan was then sent to segregation from July 12 to 23, 2023, and that

officer Vann denied him any change of clothes or clothes washing services for that

period.  (*Id.*).  He was only checked on twice by nursing staff during segregation,

---

(ECF No. 31).  Maclean and Silverthorn filed a motion to dismiss and for summary
judgment for failure to exhaust on the same day.  (ECF No. 32).  Levitan has been
directed to file a response to the motion by July 1, 2024.  (ECF No. 33).  This
motion will be the subject of a separate Report and Recommendation.

and while he was given his medications at night, he suffered labored breathing, spinal pain, and heart pain during this time.  (*Id.*, PageID.8).  After being released from segregation, he found that his property had never been packed up to be moved with him, and officer Freeman told him he was "out of luck."  (*Id.*).

On July 25, 2023, Levitan says he began to suffer an irregular heartbeat and was not acknowledged for an hour.  (*Id.*).  He was eventually taken to medical and had a high blood pressure and pulse.  (*Id.*).  The next day, officer Akomolafe brought him to an empty cell with no toilet, while he still had an irregular heartbeat and was pleading to be taken to the hospital.  (*Id.*, PageID.9).  Silverthorn, who was the night nurse, saw him four or five times over the next two days but did not treat him.  (*Id.*).

## B.    Procedural History

Defendants were sent waiver of service forms from the U.S. Marshal Service, (ECF No. 11), and MDOC defendants returned executed waivers of service in October 2023, (ECF No. 15).  On December 21, 2023, they responded to the complaint with the motion to dismiss or for summary judgment that is currently before the Court.  (ECF No. 20).  Hill returned a waiver of service on October 31, 2023, (ECF No. 17), and separately moved to dismiss on January 2, 2024, (ECF No. 24).

Regarding the MDOC defendants, defendant "Dreadth" as referred to in the complaint was identified as Jonathan Hildreth, and the case caption was changed to correct his identity on the docket.  (ECF No. 27).  Although counsel's appearance for Hildreth is not listed on the docket, MDOC defendants' motion was filed on behalf of Hildreth as well as the other MDOC defendants.  (ECF No. 20).

As noted above, Maclean and Silverthorn have recently appeared in the case and filed their own dispositive motion.  (ECF No. 32).  Johnson, Magnuson, and Freeman appear to be medical defendants who have not returned their waiver of service forms, and Levitan has yet to identify any of the unknown nurses or corrections officers he names as defendants.  These parties will be the subject of a future Report and Recommendation.

### III.    Legal Standards

### A.    Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley*

5

*Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Levitan is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

### B.    Motions to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . .  [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## IV.    Discussion

### A.    Exhaustion of Administrative Remedies

#### 1.    Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what

"proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances.  "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94.  To be sufficient, a grievance need not "allege a specific legal theory or facts

9

that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007).  Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint."  *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC PD 03.02.130 ¶ S (underscoring omitted).

 "The grievance process is exhausted once the final response is issued in Step III."  *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

### 2.    Application

MDOC defendants have attached Levitan's Step III Grievance Report to their motion, supported by an affidavit from Department Analyst Carolyn Nelson as to its accuracy.  (ECF No. 20-3).  The report shows that Levitan has only pursued *one* grievance through all three stages of the MDOC grievance process,

DRF-23-08-1977-28f.  (*Id.*, PageID.106).  Although this grievance may have

pertained to the incidents in the complaint, it was rejected for a procedural reason

(untimeliness) rather than denied on the merits, which means that it does not

exhaust Levitan's administrative remedies as required to file suit.  *See Reeves v.*

*Salisbury*, No. 11-CV-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012),

*report and recommendation adopted in relevant part*, 2012 WL 3151594 (E.D.

Mich. Aug. 2, 2012).

Furthermore, Levitan's Step III appeal was received on September 19, 2023,

and his response was mailed on October 2, 2023.  (*Id.*).  Therefore, Levitan's

claims could not have been fully exhausted when he filed the complaint on

September 18, 2023, prior to receiving the Step III appeal.  "[T]he PLRA's

exhaustion requirement is designed to give prison officials a fair opportunity to

address a prisoner's claims on the merits *before* federal litigation is commenced."

*Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) (emphasis added).  Thus,

Levitan's claims were unexhausted when he filed the complaint and should be

dismissed without prejudice.

In response, Levitan argues that his interdepartmental mail was denied, he

did not have the means to send a stamped envelope to appeal his grievance, and

that being in segregation and moving facilities prevented him from filing the

grievance appeal in a timely manner.  (ECF No. 26, PageID.120).

Levitan has offered no evidence to support these claims.  As MDOC defendants have met their burden to show that Levitan did not exhaust his grievance before filing suit, the burden shifts to Levitan to present " 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 248).  Even if Levitan's assertions were assumed to be true, it is unclear how he could have exhausted his claims in a complaint filed before he received his Step III grievance response.  Thus, there is no genuine issue of material fact that Levitan's claims were unexhausted at the time he filed suit.

The undersigned recommends that the MDOC defendants' motion for summary judgment be granted and that MDOC defendants be dismissed without prejudice.

## B.      Motions to Dismiss

Also before the Court are MDOC defendants' motion to dismiss, which applies only to Chapman and Vann, and Hill's separate motion to dismiss.  The undersigned recommends that MDOC defendants' motion be granted on the alternative ground of exhaustion and that Hill's motion granted.

### 1.      Chapman and Vann

As for MDOC defendants, they argue that Levitan failed to make any specific allegations against Chapman or Vann.  This is not true for Vann.  Levitan

alleges that he asked Vann for clothes every day while in segregation and was denied for approximately seven days.  (ECF No. 1, PageID.7).  MDOC defendants appear to have missed this allegation and do not address whether the allegations state a constitutional claim.  The undersigned therefore does not recommend dismissing Vann for failure to state a claim.

As to Chapman, they are correct that Levitan has failed to state a claim for supervisory liability.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." (internal quotation marks omitted)).  Levitan simply failed to make any allegation of Chapman's involvement in his deprivation.  However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  Given Levitan's *pro se* status, dismissing Chapman rather than allowing Levitan to explain why he believes Chapman is liable for his deprivations under *Monell* may be too harsh a remedy.  However, Levitan has also failed to exhaust his administrative remedies against Chapman as explained above.  Thus, such a grant would be futile.  Therefore, rather than granting defendants' motion to

13

dismiss Chapman, the undersigned recommends ruling solely on exhaustion grounds.

### 2.    Hill

Finally, Hill argues that the only reference to her in the complaint is that "she administered his MAT treatment, and [Levitan] makes no allegation that there [were] any issues with that treatment."  (ECF No. 24, PageID.117).  This is an accurate summary of the allegations against Hill.  *See* ECF No. 1, PageID.3.  In response, Levitan simply states that he does not agree with Hill's motion.  (ECF No. 28).  This is not enough to overcome her argument that Levitan has not alleged a constitutional deprivation of any sort due to Hill's conduct.  Therefore, the undersigned recommends that Hill's motion to dismiss be granted and that she be dismissed with prejudice.

### V.    Conclusion

For the reasons that follow, the undersigned RECOMMENDS GRANTING MDOC defendants' motion on the basis of exhaustion, (ECF No. 20), and DISMISSING those defendants without prejudice.  The undersigned also RECOMMENDS GRANTING Hill's motion to dismiss for failure to state a claim, (ECF No. 24), and DISMISSING Hill with prejudice.

Dated: May 30, 2024                                    s/Kimberly G. Altman____
Detroit, Michigan                                       KIMBERLY G. ALTMAN
                                                        United States Magistrate Judge

14

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

15

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2024.


s/Julie Owens
Acting in the absence of
CAROLYN M. CIESLA
Case Manager