UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RANDALL RICHARD LEVITAN,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**JONATHAN HILDRETH, et al.,**<br><br>                    Defendants. | **2:23-CV-12439-TGB-KGA**<br>HON. TERRENCE G. BERG<br>HON. KIMBERLY G ALTMAN<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 34)** |

This matter is before the Court on a Report and Recommendation ("R&R") from Magistrate Judge Kimberly G. Altman, ECF No. 34, dated May 30, 2024 recommending granting Michigan Department of Corrections ("MDOC") Defendants' Motion to Dismiss or alternatively for Summary Judgment on the basis of exhaustion, ECF No. 20, and also granting Defendant Hill's Motion to Dismiss, ECF No. 24. Plaintiff Randall Levitan timely filed four objections to the R&R. ECF No. 36. For the reasons set forth below, the objections will be overruled, and the Report and Recommendation will be accepted and adopted as this Court's findings of fact and conclusions of law.

## I.    BACKGROUND

Plaintiff Randall Levitan, representing himself without legal counsel, brought this prison civil rights lawsuit. He sued prison officials

1

and medical staff for violating his constitutional rights under the Eighth Amendment, alleging they showed deliberate indifference to his health conditions. ECF No. 1. The case was transferred to the Eastern District of Michigan from the Western District of Michigan because the Defendants work at the Macomb Regional Facility in Lenox Township, Michigan. ECF No. 3. The MDOC defendants are Dashawn Vann, Travis Trolla, Zachary Parr, Jonathan Hildreth, Willis Chapman, and Temitope Akomolafe. The MDOC defendants submitted a motion to dismiss or alternatively a motion for summary judgment based on exhaustion. ECF No. 20. Separately, Nurse Lydia Hill filed a motion to dismiss. ECF No. 24.

The basic facts are outlined in the R&R are summarized here for reference. Levitan filed a lawsuit against MDOC defendants and Hill on September 18, 2023. ECF No. 1. According to the complaint, on or about July 5, 2023, Levitan developed a bad rash on his left leg, which he believed to be shingles. *Id.* at PageID.3. He says he was never called out nor scheduled for additional medical treatment, even though he spoke out about his unbearable pain and wounds. *Id*. Allegedly, officers did not contact medical staff to help Levitan, and he missed another appointment. *Id*. On July 12, 2023, after being diagnosed with shingles, Levitan was placed in segregation. *Id.* at PageID.7. During this time, Officer Vann denied Levitan clean clothes until July 20, 2023, and he was

only checked on twice, not including when he was given nightly medication. *Id.* Levitan alleges he suffered from labored breathing, spinal pain, and heart pain at that time, all while his healthcare requests went unanswered. *Id.* at PageID.8. After segregation concluded, his belongings were never packed up. *Id.* Then, July 25, 2023, Levitan alleged he developed an irregular heartbeat and his heart eventually stopped. He was yelling and kicking for help for an hour. *Id.* He was then taken to medical and had high blood pressure and pulse. *Id.* He alleges that the night nurse, Silverthorn, saw him four or five times over the next two days and did not treat him. *Id.* at PageID.9.

The MDOC defendants responded to the lawsuit on December 21, 2023, with a motion to dismiss or for summary judgment. ECF No. 20. Hill separately moved to dismiss the claims against her on January 2, 2024. ECF No. 24. Though these other Defendants will not be discussed in this order, Maclean and Silverthorn filed their own dispositive motions to dismiss and for early summary judgment, ECF No. 32, which have not been ruled upon yet, and Johnson, Magnuson, and Freeman have not returned a waiver of service, ECF No. 38.

## II.   LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On June 10, 2024,

3

Levitan filed four objections to the Report and Recommendation. ECF No. 36.

The district court will make a "*de novo* determination of those portions of the report … to which objection is made." *Id*. Additionally, "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. If neither party filed objections to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn,* 474 U.S. 140, 149–52 (1985).

## III.   DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a motion for summary judgment to be granted, the moving party (MDOC defendants) must show there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The Prison Litigation Reform Act ("PLRA") requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison condition. 42 U.S.C. § 1997e(a). "Failure to

4

exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). The requirements for properly exhausting are determined by each prison system. *Jones v. Bock,* 549 U.S. 199, 218 (2007). Because Levitan's internal prison grievance was not decided on the merits, but rather procedurally denied for untimeliness, and the Step III response was issued after this lawsuit was filed, he failed to exhaust his administrative remedies in accordance with MDOC policy, and the Defendants must be dismissed without prejudice. *See* ECF No. 20, PageID.86–89 (citing MDOC Policy Directive 03.02.130 "Prisoner/Parolee Grievances" (eff. date Mar. 18, 2019)).

As to Vann and Chapman, in order to state a plausible claim, Plaintiff must plead specific allegations as to how each individual was personally involved in and/or encouraged the constitutional violations raised. Levitan does present allegations against Vann, claiming that he denied Plaintiff's daily requests for clothes while in segregation. ECF No. 1, PageID.7, and the R&R notes that MDOC did not acknowledge these allegations regarding Vann in its motion, ECF No. 34, PageID.168. Therefore, he cannot be dismissed with prejudice. However, as with the other MDOC Defendants, Levitan failed to exhaust his administrative remedies against Vann and so he will be dismissed without prejudice.

Regarding Chapman, Plaintiff fails to allege any facts that would establish supervisory liability for him.  Nevertheless, Judge Altman did not recommend dismissing that Defendant Chapman with prejudice as it would be too harsh a remedy and instead supports dismissal without prejudice for failure to exhaust.

Hill's motion to dismiss argued that the complaint failed to state a claim for which relief can be granted for the alleged Eighth Amendment violations. ECF No. 24, PageID.116–17. The R&R agreed that Levitan did not allege any constitutional violation flowing from Hill's conduct. ECF No. 34, PageID.169. The complaint merely alleges that Hill administered medication to the Plaintiff. The Court now reviews each of the Plaintiff's four objections and overrules them in turn.

> Objection 1: "Nurse Hill was in fact the M.A.T. nurse and while getting medication from her, she was one of the very first people I complained to and showed how obviously horrible of a problem I had going on and she chose to ignore me or direct me to someone else who could help." ECF No. 36, PageID.174.

In Levitan's complaint he states that Nurse Hill administered doses for medically assisted treatment ("MAT") program for substance use disorders on July 8, 2023, and that he was not called out for his appointment with Nurse Hill on July 11, 2023. ECF No. 1, PageID.3. Though Levitan states in his objection that he had complained to Hill and

6

that she ignored him, this allegation was not included in his initial complaint, so it cannot be taken as true.

Levitan responded that he "does not agree" with Hill's motion, but as Judge Altman notes a declaration of disagreement without more is not enough to show that Hill's conduct caused a constitutional deprivation to Levitan. ECF No. 34, PageID.169. Based on the operative pleadings, this Court would have to guess the specific actions that Nurse Hill took to violate the Plaintiff's constitutional rights. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("[C]ourts should not have to guess at the nature of the claim asserted."). His complaint only states that Hill was the MAT nurse. It does not allege that she ignored his requests for treatment.

The general rule is that a court considering a motion to dismiss "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020). A plaintiff "'cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'" *Id*. Because Levitan did not include any allegation that Hill ignored his requests for help and knew of his condition in his initial Complaint, the new facts asserted in his objection cannot be considered. Therefore, Objection One is overruled.

> Objection 2: "Silver[t]horn saw how incredibley[sic] obvious there was a cardiac emergency unfolding in front of his eyes and did not even do the bare minimum to help, and treated

me as a nuisance rather than a patient, as did all these medical personnel." ECF No. 36, PageID.174.

In his Complaint, Levitan states that "Silverlight [Silverthorn], the night nurse, saw me four to five times in 48 hours and did nothing." ECF No. 1, PageID.9. According to *Woodford v. Ngo*, 548 U.S. 81 (2006), a prisoner must exhaust all administrative remedies before filing a lawsuit for violation of rights by completing all of the steps outlined in the agency's administrative process, and each of those decisions must be on the merits. *Id.* at 90, 95.

The MDOC has a three-step process for prisoner grievances that requires prisoners to provide "[d]ates, times, places, and names of all those involved in the issue being grieved[.]'" ECF No. 20-2, PageID.98. The grievance process is exhausted when the final response is given in step three. *Parker v. Turner,* No. 20-12794, 2022 U.S. Dist. LEXIS 97677, at *5 (E.D. Mich. June 1, 2022). Levitan's Step I grievance was filed on August 10, 2023. ECF No. 20-3, PageID.106. The Step II grievance was received on September 19, 2023, and it was rejected and closed on October 2, 2023. *Id.* In his response, Levitan explained that he had trouble with interdepartmental mail and also felt fearful of participating in the grievance process because of retaliation. ECF No. 26, PageID.120.

These explanations were not mentioned in Levitan's Complaint, however. The requirement remains that a prisoner is obligated to exhaust all administrative remedies before filing suit. Here, Levitan filed

suit in September 2023, but he did not complete Steps I through III of the MDOC grievance process until October 2023. Because Levitan failed to exhaust his administrative remedies before filing this suit, Objection Two is overruled.

> Objection 3: "Chapman was made aware of this entire situation as it spanned out a few days because of the lack of treatment. My family called numerous times in distress and knew his staff was maliciously treating or lack there of[sic] and did nothing to interv[e]ne." ECF No. 36, PageID.174.

Levitan says that Chapman, the supervisor of the MDOC defendants, was made aware of the situation because his family called "numerous times in distress." ECF No. 36, PageID.174. He contends Chapman knew of his staff's poor treatment and did not intervene. *Id*. However, in the Plaintiff's complaint there was no indication that Chapman was made aware of the Plaintiff's situation, nor that his family called numerous times to complain. Chapman is not mentioned in the complaint at all, even for supervisory liability.

In *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), the Sixth Circuit established that a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or otherwise directly participated. Here, there is no evidence or allegation to suggest that Chapman encouraged his subordinates to mistreat Levitan. A grievance was also not filed (and thus not exhausted) against

9

Chapman. There is no indication that Levitan filed a grievance against Chapman, nor is there evidence to support Levitan's allegations. Objection Three is therefore overruled.

> Objection 4: "I 'exhausted my remedies' and did all I could in my decrep[it] state to get these issues handled. Dates and times can be looked up if necessary to se[e] when I was in segregation and also the transferring between facilities and policies on intradepartmental mail which caused some issues but still ultimately filed on time. I have had serious life altering consequences come about from the malicious sadistic lack of care and deliberate indiffer[e]nce. I have been to the hospital twice since and an orders to [wear] a heart monit[o]r. I'm scared everyday could be my last. I'm scared of all staff now because of how I was treated. My entire medical file is available to the Court if they wish to see the damages I've ac[c]rued since the negligence of these defendants listed. With that I deny any motions to dismiss." ECF No. 36, PageID.174–75.

Levitan states that he exhausted his remedies because he did all he could considering his transfers and time in segregation. As noted in the R&R, the burden to plead and prove the prisoner-plaintiff's failure to exhaust administrative remedies is on the defendant. ECF No. 34, PageID.164 (citing *Lee,* 789 F.3d at 677). However, when a prisoner counters a motion alleging failure to exhaust, they "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).

10

Here, the MDOC Defendants attached a report to their motion, which shows that Levitan filed a Step III grievance on September 19, 2023, and his rejection was mailed on October 2, 2023. ECF No. 20-3, PageID.106. Therefore, they presented evidence that Levitan's grievance was not exhausted before he filed suit on September 18, 2023. With that, the burden then shifts to Levitan to prove that he exhausted his administrative remedies, but he did not and cannot present evidence that Step III was complete at the time he filed this suit.

The objection also says that Levitan was unable to exhaust his grievance because of mail issues. However, the Sixth Circuit has established that "[i]f the plaintiff contended that administrative remedies were unavailable and produced evidence that he made affirmative efforts to comply with the grievance process, the burden shifts back to the defendants, who must 'show that they did not interfere with a plaintiff's ability to exhaust his administrative remedies.'" *Lamb v. Kendrick*, 52 F.4th 286, 300 (6th Cir. 2022) (emphasis removed) (quoting *Surles v. Andison*, 678 F.3d 452, 457 n.10 (6th Cir. 2012)). Here, while Levitan notes in his complaint that interdepartmental mail system prevented him from exercising the administrative remedies available to him, he offers no evidence to support his contention. Therefore, the burden of proof remains with the Plaintiff. Because Levitan did not meet

11

his burden of presenting evidence that he took affirmative efforts to exhaust, Objection Four is overruled.

## IV.  CONCLUSION

Judge Altman correctly determined that the MDOC defendants' and Hill's dispositive motions should be **GRANTED**. For the reasons set forth herein, Levitan's four objections are **OVERRULED**.

It is hereby **ORDERED** that:

- Magistrate Judge Altman's Report and Recommendation of May 30, 2024, ECF No. 34, is **ACCEPTED** and **ADOPTED.**

- The MDOC defendants' Motion to Dismiss or alternatively for summary judgment on the basis of exhaustion, ECF No. 20, is **GRANTED** such that Dashawn Vann, Travis Trolla, Zachery Parr, Jonathan Hildreth, Willis Chapman, and Temitope Akomolafe are **DISMISSED** without prejudice; and

- Lydia Hill's Motion to Dismiss, ECF No. 24, is **GRANTED** such that Defendant Hill is **DISMISSED** with prejudice.

Because the dismissal of the MDOC defendants is without prejudice, Levitan may amend his complaint to re-file his claims against these defendants after he fully and properly exhausts the administrative process. This order does not close the case.

12

**SO ORDERED.**

Dated: August 2, 2024          /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE