UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEVITAN,

    Plaintiff,

v.

MACLEAN, JOHNSON, HILL,
MAGNUSON, SILVERLIGHT,
VAN, TROLLA, FREEMAN, PARR,
DREADTH, WILLIS CHAPMAN,
AKOMOLAFE, and JOHN DOES,

    Defendants.

Case No.  2:23-cv-12439
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 54)

## I.     Introduction

This is a prisoner civil rights case.  Plaintiff Randall Levitan (Levitan), proceeding pro se, is suing the above-captioned defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 1).  This case was initially brought in the Western District of Michigan, but was transferred to the Eastern District of Michigan because the defendants are considered to reside here.  (ECF No. 3).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

1

Before the Court is Levitan's second motion for the appointment of counsel (ECF No. 54). For the reasons that follow, the motion will be DENIED WITHOUT PREJUDICE.

## II. Background

Levitan filed this lawsuit on September 18, 2023, and it was transferred to this District on September 27, 2023. (ECF Nos. 1, 3). On October 31, 2023, Levitan filed his first request for the appointment of counsel. (ECF No. 10). The Court denied the motion, noting that none of the defendants had been served[1] and that the request was contained on a form intended to obtain a public defender in a criminal case, which did not provide sufficient information for obtaining counsel in a civil case. (ECF No. 14). The Court also noted that Levitan failed to otherwise satisfy the standard for the appointment of counsel. (*Id.*) Thereafter, several of the defendants have filed motions to dismiss, (ECF Nos. 32, 41), to which Levitan, after extensions, has filed responses, (ECF No. 55).

## III. Discussion

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of

---

[1] Freeman appears to be the only defendant yet to be served, besides the unidentified Doe defendants. The Marshals acknowledged receipt of service documents for Freemen on October 16, 2024. (ECF No. 53).

2

counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

In his current motion, Levitan has again submitted a form used to appoint an attorney in a criminal case which only contains his financial information. This information is again not sufficient to warrant the appointment of counsel. As explained in the prior order denying Levitan's request for counsel:

> Levitan has not explained why he should be appointed an attorney beyond his alleged inability to afford one. Thus, he has not alleged a unique or exceptional need for counsel at this time. An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). The fact that Levitan is incarcerated is not an exceptional circumstance.

(ECF No. 14, PageID.56). Moreover, Levitan has responded to defendants' motions, demonstrating his ability to litigate his case. Should Levitan's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

## IV.  Conclusion

For the reasons stated above, Levitan's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: November 15, 2024  　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan  　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2024.

　　　　　　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　　　　　　　 Case Manager